**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY ADAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION<br>Defendant. | **Case No.** 1:26-cv-2854<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Plaintiff ANTHONY ADAMS ("Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through his attorneys, alleges as follows:

## INTRODUCTION

1. This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq., on behalf of all current and former full-time employees of TARGET CORPORATION ("Target" or "Defendant") who took short-term military leave from Target since 2006 and did not receive compensation and/or paid leave from Target during such short-term military leave.

2. Chapter 38 U.S.C. § 4316 (b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less favorably than employees who take other comparable forms of leave that an employer provides. Accordingly, servicemember employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves, such as for jury duty, illness, or the death of a family member. 38 U.S.C. § 4316(b); 20 C.F.R. § 1002.150. Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided

equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

3. Target has violated 38 U.S.C. § 4316(b) by providing only differential pay (the difference between military pay and civilian pay) or no compensation to Target servicemember employees who take short-term military leave while paying compensation to Target employees who take leave for non-military reasons, such as vacation, sick leave, bereavement leave, and/or jury duty.

4. Due to Target's violations, Plaintiff and other servicemembers employed by Target have received less compensation than they would have received had Target provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave, as required by USERRA.

5. This action seeks: (a) a declaration that Target violated USERRA by failing to provide Class Members with pay during their short-term military leave despite providing pay for comparable forms of leave; (b) an order requiring Target to pay servicemembers on short-term military leave as it does to comparable forms of leave; and (c) an order requiring Target to recalculate and pay compensation to Plaintiff and other members of the Class consistent with USERRA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which gives the district courts of the United States jurisdiction over a USERRA action brought against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under a federal law.

7. This Court has personal jurisdiction over Defendant Target. There is personal jurisdiction over Defendant Target because a substantial portion of the Plaintiff's claims arise out of or relate to the Target's contacts with Illinois.

8. Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant Target is a private employer that maintains multiple places of business throughout this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

9. Plaintiff Anthony Adams was employed as a full-time Operations Manager for Target from approximately January 22, 2023 through approximately August 15, 2023.

10. Throughout his tenure, Plaintiff served as a National Guard reservist, which necessitated monthly weekend military leave as well as longer military leave periods. Plaintiff was typically scheduled to work Wednesdays through Saturdays and worked overnight shifts from 6 PM to 6 AM. Plaintiff took one weekend a month for his entire employment period as military leave, totaling approximately nine (9) weekend military leaves, in addition to longer military leave periods. Because Plaintiff's regular work schedule included Saturdays, his monthly weekend military drill duty directly conflicted with his regularly scheduled shifts, yet Target did not compensate him for these weekend military leaves. Plaintiff's weekend military leaves were entirely unpaid, while Target provided only differential pay for certain longer military leave periods. Throughout the relevant period, Target offered full paid leave for vacation, sick leave, bereavement, among other types of paid leave. Plaintiff resides in Chicago, Illinois and worked for Target in Illinois.

11. Target Corporation is a major retailer of general merchandise which offers a wide array of products from owned brands to national brands, including groceries, clothing, home goods, and electronics. Target operates 1,989 retail stores throughout the United States, including multiple locations in Illinois. Target is an employer within the meaning of 38 U.S.C. § 4303(4)(A). At all times during Plaintiff's employment with Target, Target employed Plaintiff and controlled his work opportunities, including the rights and benefits he received during periods of short-term military leave.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All current and former full-time employees of Target who took short-term military leave (periods of 15 days or fewer) from their employment with Target at any time through the date of judgment in this action.

### Impracticality of Joinder

13. The members of the Class are so numerous that joinder of all members is impracticable. Defendant Target is a major retailer in the United States, that, according to Target's website, operates at least 1,989 stores in the United States and employs at least approximately 400,000 people within the United States.

### Commonality

14. The central question in this case that will generate a common answer as to the Class is whether Target's policy or practice of failing to pay servicemember employees during periods of short-term military leave violates 38 U.S.C. § 4316(b) because Target pays employees who take other forms of comparable leave.

15. Plaintiff's claim raises common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which Target fully or partially pays its employees; and (b) whether Target's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

16. Because Target adopted and applied a policy or practice of not providing pay at all/not providing full/regular compensation to its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

17. As Target acted in a uniform way with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.

**Typicality**

18. Plaintiff's claims are typical of the other members of the Class because the claims challenge a policy or practice by which Target failed to pay its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave.

19. Target has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

**Adequacy**

20. Plaintiff will fairly and adequately protect the interests of other members of the Class.

21. Plaintiff does not have any conflict with any other member of the Class.

22. Plaintiff is represented by counsel with significant experience in prosecuting class action and other complex litigation.

**Rule 23(b)(2)**

23. The claims can be certified as a class action under Rule 23(b)(2) under the Federal Rules of Civil Procedure because Target has acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole.

24. Target maintained a uniform policy or practice as to all members of the Class. Plaintiff alleges Target violated USERRA by refusing to pay its employees during periods of short-term military leave on an equivalent basis to other comparable forms of leave. As such, Target has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

25. The relief sought consists of (a) a declaration that Target violated USERRA by failing to pay its employees during periods of short-term military leave despite paying employees other forms of non-military leave; (b) an order requiring Target to recalculate and pay compensation to Class Members consistent with the requirements of USERRA.

**Rule 23(b)(3)**

26. The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

27. The common questions of law and fact concern whether Target's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an

equivalent basis to employees who took other comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by Target's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

28. A class action is superior to other available methods for the fair and efficient resolution of this controversy. By bringing these claims together in a single class proceeding, the issues will be efficiently resolved. Without class certification, other litigation may produce inconsistent judgments regarding Target's USERRA obligations.

29. The members of the Class have an interest in a single adjudication of the issues presented in this action. Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all members of the Class would benefit from a class action that obtains relief for all members of the Class.

30. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper.

## FACTUAL ALLEGATIONS

### USERRA Required Target to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Pay

31. Chapter 38 U.S.C. § 4316(b)(1) provides that:

> [A] person who is absent from a position of employment by reason of service in the uniformed services shall be:
>
> (A) deemed to be on furlough or leave of absence while performing such service; and

> (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

32. Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including pay, 38 U.S.C. § 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave. *Id.*; *see also* 38 U.S.C. § 4303(2); 20 C.F.R. § 1002.150(a).

33. As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine whether they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

**Target Fails to Pay Servicemember Employees Who Take Short-Term Military Leave But Provides Paid Leave for Other Comparable Leaves**

34. Chapter 38 U.S.C. § 4316(b)(1) "sets forth an equality principle, not a floor or a cap on benefits." *White v. United Airlines, Inc.*, 987 F.3d 616, 624 (7th Cir. 2021). Section 4316(b)(1) "permits paid leave to the extent that the marginal days of military leave are 'comparable' to leave based on circumstances such as sick leave or jury duty." *Id.*

35. Pursuant to Target's policy, Target failed to pay Plaintiff and the members of the Class full compensation during each period in which they took short-term military leave from at least January 2023 (when Plaintiff began his employment with Target) to the present. However, Target provided employees with paid vacation, sick leave, bereavement leave, and/or jury duty among other types of paid time off, during this same time period.

36. Throughout the relevant time period, full-time Target employees are eligible to receive substantial vacation pay and other forms of paid leave at their regular rate of pay. Target employees accrue vacation time with each pay period based on hours worked and years of service. For example, based on Target's pay records for Plaintiff, Target compensated Plaintiff with vacation time that accrued at a rate of 5.85 hours per pay period, with Plaintiff's available vacation balance growing from 11.70 hours in February 2023 to over 60 hours by July 2023. Also, Plaintiff's final vacation payout upon his separation from employment with Target on or around August 15, 2023, shows Plaintiff had accumulated 53.75 vacation hours, which were paid out at his regular rate of approximately $43.29 per hour.

37. Throughout the relevant time period, Target has also provided full-time employees with paid sick leave, bereavement leave, and/or jury duty leave. Vacation, sick leave, jury duty, and bereavement leave are all comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave.

38. Target's public job postings confirm these benefits are standard across the company. For example, Target's job posting for Engineering & Facilities Operations Manager in both Rialto, California, and Indianapolis, Indiana, advertise paid sick leave, and paid vacation. *See* **Exhibit 1** for true and correct printouts of Target's job listings showing these benefits. These job postings provide a link[1] for information regarding Target's employee benefits, including but not limited to, paid sick, vacation and bereavement leave. These job postings demonstrate Target's uniform policy of providing comprehensive paid leave benefits to employees—benefits that Target systematically denies to servicemembers taking military leave.

/ / /

[1] *See* Target, *Benefits*, https://corporate.target.com/careers/benefits (last visited Feb. 26, 2026).

**DURATION: The Other Leaves Are Comparable to Short-Term Military Leave in Duration**

39. “Section 1002.150 states that duration is the most significant factor to compare when determining if ‘any two types of leave are comparable.’ In context, ‘any two types of leave’ must refer to (1) military leave and (2) another employer-offered leave. As the regulation explains, ‘a two-day funeral leave will not be comparable to an extended leave for service.’ But while an ‘extended’ military leave is not comparable to a ‘two-day funeral leave,’ it is entirely possible that a two-day military leave *is* comparable to a two-day funeral leave.” *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424, 433 (9th Cir. 2023) (citing 20 C.F.R. § 1002.150). For Target employees, the duration of vacation, sick leave, jury duty, and bereavement leave are comparable to the duration of short-term military leave.

40. Target offers its full-time employees paid vacation time. Based on Target’s pay records for Plaintiff, Plaintiff accrued vacation time throughout his employment that was compensated at his regular rate of pay. Target also provides sick leave and bereavement leave to its employees.

41. Throughout Plaintiff's employment, Plaintiff served as a National Guard reservist, which necessitated monthly weekend military leave that was entirely unpaid. Plaintiff took one weekend per month for his entire employment period as military leave, totaling approximately nine (9) weekend military leaves. Because Plaintiff was regularly scheduled to work Wednesday through Saturday, including overnight shifts from 6pm to 6am, his weekend military duty conflicted with his regularly scheduled Saturday shifts. Plaintiff also took longer military leave periods, including an approximate two-week period in July 2023 for which Target provided only differential pay rather than full compensation. Plaintiff's weekend military leaves are comparable to sick days and bereavement leave, jury duty leave and/or other types of paid leave that Target

offers to non-military employees. Plaintiff's longer military leave periods are comparable to the paid vacation leave that Target offers to non-military employees.

**PURPOSE: Target's Paid Leaves Are Comparable to Short-Term Military Leave in Purpose**

42. Target's vacation, sick leave, jury duty, and bereavement leave are also comparable to short-term military leave in their purpose. For example, illness, the death of a family member, jury duty, or vacation days (a short-term leave of absence from work, such as travel or relax), can prevent an employee from performing their job duties similar to military duty. Furthermore, jury duty, sick leave, and bereavement leave are both short-term and involuntary—if not for unexpectedly falling ill, the death of a family member, or receiving a jury summons, this leave would otherwise not be taken by employees. In addition, like military service, jury duty is taken to perform a civic duty and public service.

**CONTROL: The Other Leaves Are Comparable to Short-Term Military Leave in Terms of the Ability of the Employee to Choose When to Take the Leave**

43. Plaintiff could not control or negotiate the times when he would be assigned to take leave from his employment with Target to comply with his military obligations. Plaintiff could not control or negotiate when he was scheduled to report to duty. Sick leave is typically taken due to a short-term, involuntary medical condition that prevents an employee from working. Bereavement/personal leave is often taken due to expected or unexpected personal reasons or unforeseen circumstances. Plaintiff and employees would also have no choice when to participate in jury duty or deal with the death of a family member. Similarly, short-term military leave occurs involuntarily, arising due to a servicemember's obligation to perform military service as directed by the military.

/ / /

**UNPAID: Target's Policies Do Not Provide Paid Leave for Short-Term Military Leave**

44. Target's policy or practice of providing only differential pay or no pay to servicemembers when they take short-term military leave, while continuing to pay employees who take other comparable forms of non-military leave, violates 38 U.S.C. § 4316(b), because Target denies servicemembers the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. § 4316(b); *see also* 38 U.S.C. § 4303(2).

45. Target's discriminatory policies unlawfully deny Plaintiff and Class members employees the full pay that they should have received when they engaged in short-term military leave compared to employees who received pay when they take vacation, sick leave, jury duty, bereavement leave, and/or other comparable forms of non-military leave.

**Target's Discriminatory Treatment in Leave Administration**

46. Target maintains a discriminatory dual system for administering paid leave that places unique and burdensome requirements solely on servicemembers seeking military leave compensation while providing other forms of paid leave through standard, automated processes.

47. For longer military leave periods, Target maintained a policy that provided only differential pay to servicemembers. Under this policy, Target calculated and paid employees the difference between their regular rate of base pay and military base pay, rather than the full civilian compensation that Target provides for comparable non-military leave. For shorter military leave periods, such as weekend drill duty, Target provided no compensation whatsoever.

48. For all other forms of paid leave available to employees—including vacation leave, sick leave, bereavement leave, jury duty pay, and holiday pay—Target processes and provides such compensation through its standard payroll procedures at employees' full regular rate of pay.

Employees taking vacation, sick leave, or bereavement leave receive their complete civilian compensation automatically without any offset or reduction based on income from other sources. No such differential payment or offset system exists for any other form of paid leave provided by Target.

49. Furthermore, Target failed to properly inform its servicemember employees, including Plaintiff, that their compensation during military leave would be subject to discriminatory differential payment calculations that would reduce their total compensation below what they would receive for comparable non-military leave. Upon information and belief, Target did not provide Plaintiff or other servicemember employees with clear, written policies explaining that military leave would be compensated on a less favorable basis than vacation, sick leave, bereavement leave, or other comparable forms of non-military leave.

50. As demonstrated by Plaintiff's July 2023 military leave period, Target's discriminatory differential payment policy resulted in Plaintiff receiving only $785.02 in net compensation for approximately two weeks of military service. Had Plaintiff taken the same two-week period as vacation leave (or other comparable non-military leave) at his regular rate of $43.29 per hour, he would have received approximately $3,463.20 for an 80-hour period—over four times the $785.02 he received under Target's differential pay policy. Target's wage statement for pay date August 18, 2023 shows Target paid Plaintiff $1,730.77 in "Military" pay, then deducted $945.75 itemized as "MilCollBk," demonstrating Target's systematic practice of reducing military leave compensation below the rate provided for comparable non-military leave.

51. On information and belief, Target applied this discriminatory differential payment policy uniformly to class members taking longer military leave periods, while providing no compensation whatsoever to class members taking shorter military leave periods such as weekend

drill duty, despite providing full compensation at regular rates for comparable non-military leave of similar duration.

52. Target's practice of providing either differential pay or no pay to servicemembers during military leave—while automatically providing full compensation at regular rates for all other forms of comparable non-military leave—constitutes disparate treatment that discriminates against servicemembers based on their military service and violates the equal treatment requirements of USERRA.

53. Target's discriminatory compensation system for military leave, which either reduces compensation through differential payment calculations or provides no compensation at all, creates an administrative scheme that denies servicemembers the same "rights and benefits" that Target automatically provides to all other employees taking comparable forms of non-military leave.

54. By maintaining separate, less favorable compensation systems exclusively for military leave while providing full pay through standard payroll processes for all comparable forms of non-military leave, Target has violated its obligation under 38 U.S.C. § 4316(b)(1) to provide servicemembers with the most favorable treatment accorded to any comparable form of leave.

**Plaintiff's USERRA-Protected Military Leave**

55. Plaintiff Anthony Adams has performed military service in the US National Guard reserve from at least approximately January 2023 through August 2023. During his employment with Target, Plaintiff was required to take monthly weekend military leave totaling approximately nine (9) weekend periods that were entirely unpaid. Plaintiff's regular work schedule was Wednesday through Saturday, 6 PM to 6 AM, meaning his monthly weekend military duty directly conflicted with his regularly scheduled Saturday shifts. Plaintiff was also required to take longer

military leave periods, including an approximate two-week period in July 2023, for which Target provided only differential pay rather than full compensation. Plaintiff's weekend military leaves were entirely unpaid, and his longer military leave periods were subject to Target's discriminatory differential payment policy rather than the full compensation provided for comparable non-military leave.

**COUNT 1**
**VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On Behalf of Plaintiff and the Class)**

56. Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

57. USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

58. Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave and employees who take other comparable forms of non-military leave, pursuant to 38 U.S.C. § 4316(b).

59. The Department of Labor's regulation that implements and interprets 38 U.S.C. § 4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most

favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b).

60. As described above, the types of leave for which Target has provided employees full paid leave-including but not limited to, vacation, sick leave, jury duty, and bereavement leave-are comparable to short-term military leave in terms of the duration, purpose, and the ability of the employee to determine whether to take the leave.

61. By adopting and applying a policy or practice of providing only differential pay or no pay to servicemember employees who take short-term military leave, Target denied Plaintiff and the Class the same "rights and benefits" that Target provided to employees who take other comparable forms of non-military leave. Thus, Target failed to provide employees on short-term military leave the most favorable treatment that Target afforded employees on other comparable forms of non-military leave. By doing so, Target violated 38 U.S.C. § 4316(b)(1).

62. Due to Target's failure to comply with 38 U.S.C. § 4316(b)(1), Plaintiff and other members of the Class have received less compensation than they would have received had Target complied with USERRA and the Department of Labor's regulations.

63. Upon information and belief, Target's violations of 38 U.S.C. § 4316(b)(1) were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, TARGET CORPORATION, on all claims and respectfully requests that this Court award the following relief:

A. Declare that Defendant's policy or practice by which it failed to pay servicemember employees when they took short-term military leave, while providing pay to employees who took

other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under 38 U.S.C. § 4316(b);

B. Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C. Declare that Defendant must pay servicemember employees who take short-term military leave on the same basis as employees who take leave for vacation, sick leave, bereavement leave, or other comparable forms of short-term, non-military leave;

D. Require Defendant to provide pay to Target full-time employees when they take short-term military leave on the same basis as employees who take leave for vacation, sick leave, bereavement leave or any other comparable forms of short-term, non-military leave;

E. Require Defendant to recalculate and pay the paid leave that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

F. Order Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

G. Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H. Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

I. Grant such other and further relief as the Court deems proper, just, and/or equitable.

/ / /

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: March 13, 2026

Respectfully submitted,

/s/ Derek Y. Brandt
Derek Y. Brandt (ARDC #6228895)
Bryan P. Thompson (ARDC #6310322)
CLARKSON LAW FIRM, P.C.
875 North Michigan Avenue, 31st Floor
Chicago, Illinois 60611
Tel.: (312) 300-6820
dbrandt@clarksonlawfirm.com
bthompson@clarksonlawfirm.com

Glenn A. Danas (*pro hac vice* forthcoming)
Maxim Gorbunov (*pro hac vice* forthcoming)
Michael A. Boelter (*pro hac vice* forthcoming)
CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, California 90265
Tel.: (213) 788-4050
gdanas@clarksonlawfirm.com
mgorbunov@clarksonlawfirm.com
mboelter@clarksonlawfirm.com

Jamie K. Serb (*pro hac vice* forthcoming)
Zachary M. Crosner (ARDC #6343989)
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, Ca 90210
Tel: (866) 276-7637
jamie@crosnerlegal.com
zach@crosnerlegal.com